35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Velda BOOTHE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2108.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1994.
Decided Aug. 23, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, District Judge. (CA-92-119)
 Richard Williams Cardot, Cardot Law offices, Elkins, W.Va., for appellant.
 Robert S. Drum, Asst. Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pa., for appellee.
 On Brief: Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pa,; William D. Wilmoth, U.S.Atty., Lisa A. Grimes, Asst. U.S. Atty., Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Elsmore Boothe, a coal miner, died on September 10, 1973. At the time of his death he was receiving black lung benefits. Appellant Velda Boothe was married to Elsmore Boothe for over 17 years until their divorce in May 1969. Velda retained custody of their five children. Less than a month after Elsmore Boothe's death, Velda sent a letter of inquiry to the Social Security Administration asking whether she would be entitled to receive black lung benefits because of her former marriage to Elsmore. While Velda Boothe acknowledged in her letter that she would be receiving black lung benefits on behalf of the minor children of the marriage, her inquiry to the Social Security Administration asked whether she was entitled to receive benefits on her own behalf.
 
 
 2
 The Social Security Administration never responded to the letter of inquiry, but the law was clear at that time that she would not have been entitled to benefits on her own behalf because she had not been married to Elsmore Boothe for 20 years, as the statute then required. See 42 U.S.C. Sec. 416(d)(2) (as applicable in 1973).
 
 
 3
 Four years after Elsmore Boothe's death in 1977, the law was amended to reduce the required period of marriage for a surviving divorced wife to 10 years, and yet four years later, in July 1981, Velda Boothe filed a claim for black lung benefits as a surviving divorced wife of Elsmore Boothe. The claim was denied because Velda Boothe did not file her claim within six months of the miner's death as required, and had she filed it within six months of his death, she would not have qualified for benefits under the then existing law.
 
 
 4
 Eight years later, in November 1989, Velda Boothe filed another application for Part B black lung benefits. The West Virginia state agency rejected the claim on the grounds of untimeliness, and Boothe appealed to an administrative law judge. At the hearing, Boothe's counsel argued that the letter of inquiry sent to the Social Security Administration in October 1973, some 16 years earlier, should be considered a protective filing under the statute so that at the time the statute was amended in 1977, it would be assumed that she had a claim pending, entitling her to benefits by reason of the amendments. See 30 U.S.C. Sec. 945(a)(1)(A) (allowing claimants whose claims had been denied or were pending on March 1, 1978, to request reconsideration of their claims in light of the amendments adopted by the Black Lung Benefits Reform Act of 1977). The administrative law judge rejected the argument that the October 1973 letter of inquiry was a protective filing and therefore denied Boothe's 1989 claim. The Appeals Council granted review of the administrative law judge's determination, and on September 3, 1992, ruled that while the October 1973 letter could be considered a protectively filed claim, Boothe was nevertheless not entitled to benefits because she had not been married to the miner for the 20 years required by law during the time within which the claim could have been timely filed.
 
 
 5
 Boothe then filed this action to recover black lung benefits in the district court, and the district court granted the Secretary's motion for summary judgment. This appeal followed.
 
 
 6
 We agree with the determination of the district court and affirm. While we agree with the administrative law judge that the October 1973 letter of inquiry was not a protective filing, even if it could be so considered, as assumed by the Appeals Council, none of the postrequisites which might have ripened the letter into a proper claim for benefits occurred. If the Social Security Administration had considered the letter to be a protective filing, it would have been required to respond by soliciting a proper claims form from Boothe and informing her that she had six months in which to complete the filing.
 
 
 7
 Boothe would then have been required to file a timely claim in proper form, thus maturing the protective filing into a properly filed claim.
 
 
 8
 Although the Social Security Administration never replied to Boothe's letter, it is clear that had it replied, it would have told her that she was ineligible for surviving divorced widows' benefits because she had not been married to the miner for the requisite 20 years prior to his death. While it is true that 30 U.S.C. Sec. 945(a)(1)(A) requires the Secretary to inform all claimants who had claims denied or pending on March 1, 1978, that they could seek review of a claim with the benefit of consideration under the more liberal 1977 amendments, Boothe did not qualify for that provision because she did not have a claim denied or pending at that time.
 
 
 9
 Boothe argues that had the Social Security Administration replied to her letter and told her that she had six months to file a proper claim, she would have filed such a claim; it would have been denied under the 20-year requirement; and she would then have been informed in 1978 that she was entitled to seek review of that denial in light of the new 10-year requirement. This series of "what-ifs" is most speculative and requires the application of perfect hindsight. It is equally, if not more likely, that had the Social Security Administration answered Boothe's October 1973 letter, it would have advised her correctly that she did not qualify for benefits. Upon receiving that advice, she very well may not have filed a proper claim, particularly when a cursory reference to the statute would have confirmed the Social Security Administration's position.
 
 
 10
 The fact remains that at the time of Elsmore Boothe's death in 1973, Velda Boothe had not been married to him for 20 years, as required by the black lung law at that time, and she did not follow up her letter of inquiry by filing a claim. Thus, when the law changed four years later, liberalizing the benefits, she did not qualify for the opportunity to have a pending claim or a denied claim reconsidered. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED